# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:09CR23-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PHILLIP EUGENE HILL. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion to Relieve Counsel (#243).   On January 8, 2010, the undersigned conducted a hearing from which the United States Attorney was excused and the record sealed in order to preserve the attorney-client privilege of defendant inasmuch as confidential communications were likely to discussed.  As a result of such proceeding, the court is convinced that counsel has been providing Mr. Hill with excellent and effective representation. Further, the court finds that the attorney-client relationship remains intact and that it would be in defendant's best legal interests to move forward with present counsel. A sentencing issue has, however, arisen, and will require counsel to conduct a further investigation and may be the basis for filing an additional objection to the Presentence Report.  To do so, however, will require a reopening of the time for filing objections and a brief extension.  The court finds that the interests of justice

require the granting of such leave.[1]

Counsel for defendant is advised that if his investigation does not, in his professional judgment, provide a sufficient factual or legal basis for the objection and defendant desires that the objection be filed despite such support, that he is granted leave under the reasoning of Anders v. California, 386 U.S. 738 (1967), to file such objection on his behalf in a manner similar to that employed under Anders. In turn, defendant is reminded that the district court is permitted to rely on information contained in the PSR in making its sentencing findings, United States v. Love, 134 F.3d 595, 606 (4th Cir.1998), and that if defendant believes that any information in the PSR is incorrect, he will need to come forward with evidence in admissible form which he believes shows such information to be incorrect, as mere objections are insufficient.

Having considered defendant's Motion to Relieve Counsel and reviewed the pleadings, and it appearing that good cause has been shown for extending the period for objections, the court enters the following Order.

---

[1] While the undersigned does not usually consider motions that involve sentencing, the district court has delegated this motion due to an enormous workload.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Relieve Counsel (#243) is **DENIED,** and defendant is allowed up to and inclusive of January 22, 2010, to file any additional objections he may have to the PSR.

Signed: January 14, 2010

Dennis L. Howell
United States Magistrate Judge