# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09-CR-23-6

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Vs. )<br>)<br>PHILLIP EUGENE HILL. )<br>_____ ) | ORDER |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant entitled "Motion to Relieve Counsel" (#243) and a motion filed by Derrick R. Bailey, attorney for the defendant, entitled "Motion to Withdraw as Counsel and For an Order Appointing New Counsel and For an Extension of Time to File Additional Objections to the Presenting Report" (#248). Upon the call of this matter on for hearing, it appeared that the defendant was present, his attorney Derrick R. Bailey was present, and the government was represented by Assistant United States Attorney Don Gast. From the statements of Mr. Bailey, the statements of the defendant, and the arguments of the Assistant United States Attorney, the court makes the following findings:

**Findings**. After this matter was called, the undersigned made a short inquiry to determine whether or not there was a possibility that confidential communications would likely be discussed at the hearing. After hearing arguments of Mr. Bailey and Assistant United States Attorney Gast, the undersigned became of the opinion that

there was at least the potential that confidential communications would have to be discussed. The undersigned then excluded Mr. Gast and all other persons from the courtroom except essential court personnel and conducted a sealed hearing with the defendant as shall appear of record. Before doing so, the undersigned advised the government and the defendant that the sealed proceeding related only to the Motion to Relieve Counsel (#243) and the portion of Mr. Bailey's motion relating to his motion to withdraw and any hearing regarding the request for extension of time to file additional objections to the presentencing report would be held in open court.

After conducting the sealed proceeding, the undersigned conducted an inquiry as to when the defendant's matter would be set for sentencing. The undersigned was advised that sentencing in this matter would be sometime after February of 2010.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made inquiry as to the reasons why the defendant does

not wish for Mr. Bailey to represent him further; and (3) whether or not there is such a conflict between the defendant and Mr. Bailey that is so great it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

In regard to the timeliness of the motion, the sentencing in this matter has not been scheduled and the undersigned has been advised by the Clerk of the court that the sentencing cannot be set until either late February 2010 or even thereafter. It is the opinion of the undersigned there could be sufficient time within which to appoint another attorney and for that attorney to be prepared for sentencing. This factor must be weighed in favor of granting the motion.

The undersigned made an inquiry as to the reasons for the conflict between the defendant and his attorney. As stated above, that inquiry appears in the closed and sealed record. The undersigned is of the opinion, after conducting the examination and reviewing the motion of Mr. Bailey, that Mr. Bailey has been performing his job in excellent fashion in representing the defendant and there is no basis for the defendant's opinion that Mr. Bailey is not providing good representation.

The court has further examined the matter to determine whether or not there is such a conflict between Mr. Bailey and the defendant that there is a total lack of communication between them preventing an adequate defense. It appears there is

excellent communication between the defendant and Mr. Bailey. Mr. Bailey has made repeated visits to the defendant and has complied with many requests of the defendant. Mr. Bailey has made inquiries over and above that which would be normally expected by counsel in regard to representing the best interest of the defendant. The undersigned is of the opinion that Mr. Bailey is doing a good job in representing the defendant.

After considering all the factors, it appears there is time before sentencing to appoint other counsel. As a result of the inquiry made by the undersigned, the undersigned can find no good reason for the appointment of another attorney and there does not appear to be a lack of communication between Mr. Bailey and the defendant that would prevent an adequate defense. Further, as a specific finding, the undersigned finds there is a good likelihood that if substitute counsel was appointed substitute counsel would not be as diligent in representing the defendant as Mr. Bailey has been. It is not in the best interest of the defendant that substitute counsel be appointed.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the motion of the defendant entitled "Motion to Relieve Counsel" (#243) and the portion of Mr. Bailey's motion regarding

his motion to withdraw as counsel for the defendant (#248) are hereby **DENIED.** The court will enter other orders as to Mr. Bailey's motion for an extension of time to file additional objections to the report which is further contained in the motion (#248) filed by Mr. Bailey.

Signed: January 14, 2010

Dennis L. Howell
United States Magistrate Judge